THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY JOHNSON, JR., an individual; and, ERICK NATIVIDAD, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company, <br><br> Defendant. | CASE NO. C19-0260-JCC <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' stipulated motion to extend the expert disclosure deadline (Dkt. No. 19.) Having considered the motion and the relevant record, the Court DENIES the motion without prejudice.

In April 2019, the Court issued the original scheduling order in this matter setting trial for April 27, 2020 and the discovery deadline for 120 days before trial. (Dkt. No. 9 at 1.) Upon the parties' motion, the Court continued trial and the discovery deadline twice, ultimately setting trial for May 10, 2021 and the discovery deadline for January 4, 2021. (Dkt. Nos. 14, 18.) The parties apparently understand the expert disclosure deadline to be today, February 9, 2021, and seek an extension until March 11, 2021. (Dkt. No. 19 at 1.) The parties' calculation of the expert

disclosure deadline appears to be based on the default deadline of 90 days before trial in Federal Rule of Civil Procedure 26(a)(2)(D)(i). However, that rule applies only "[a]bsent a stipulation or a court order" setting a different deadline. (*Id.*) Here, the parties stipulated to, and the Court ordered, discovery to be completed by January 4, 2021. (Dkt. No. 18 at 1.) Therefore, as set forth on the Court's chambers procedures website, all discovery—including expert discovery—should have been completed by January 4, 2021. *See* https://www.wawd.uscourts.gov/judges/coughenour-procedures#coughenour5.

The parties' stipulated motion also suffers from a more fundamental defect: "A schedule may be modified only for good cause," Fed. R. Civ. P. 16(b)(4), and the parties do not explain why there is good cause to extend the deadline here. They simply request the Court continue the deadline without offering any reason—good or otherwise—for doing so. This does not suffice. *See* W.D. Wash. Local Civ. R. 16(b)(6) ("Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.").

Finally, the parties' proposed March 11, 2021 expert disclosure deadline is several weeks *after* the deadline for filing *Daubert* motions. *See* W.D. Wash. Local Civ. R. 16(b)(4) (*Daubert* motions must be filed by the dispositive motions deadline). The parties do not address whether the Court should extend that deadline, and if so, whether the Court should continue trial.

For the foregoing reasons, the parties' stipulated motion to continue the expert disclosure deadline is DENIED without prejudice. If the parties wish to continue the deadline, they may renew their request in a properly supported motion.

DATED this 9th day of February 2021.

William M. McCool  
Clerk of Court

s/Paula McNabb  
Deputy Clerk