THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY JOHNSON, JR., an individual; and, ERICK NATIVIDAD, an individual,<br><br>    Plaintiffs,<br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company,<br><br>    Defendant. | CASE NO. C19-0260-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' stipulated motion to extend the expert disclosure deadline (Dkt. No. 21.) Having considered the motion and the relevant record, the Court GRANTS the motion.

In April 2019, the Court issued the original scheduling order in this matter setting trial for April 27, 2020 and the discovery deadline for 120 days before trial. (Dkt. No. 9 at 1.) Upon the parties' motion, the Court continued trial and the discovery deadline twice, ultimately setting trial for May 10, 2021 and the discovery deadline for January 4, 2021. (Dkt. Nos. 14, 18.) The parties apparently understand the expert disclosure deadline to be February 9, 2021 and seek an extension until March 11, 2021. (Dkt. No. 21 at 1.) As the Court explained in its previous order,

the parties misunderstand the expert disclosure deadline. The parties appear to assume Federal Rule of Civil Procedure 26(a)(2)(D)(i)'s default deadline of 90 days before trial in applies, but that deadline applies only "[a]bsent a stipulation or a court order" setting a different deadline. (*Id.*) Here, the parties stipulated to, and the Court ordered, discovery to be completed by January 4, 2021. (Dkt. No. 18 at 1.) Therefore, as set forth on the Court's chambers procedures website, all discovery—including expert discovery—should have been completed by January 4, 2021. *See* https://www.wawd.uscourts.gov/judges/ coughenour-procedures#coughenour5.

Because the deadline has already passed, the parties must show they failed to meet it because of excusable neglect. *See* Fed. Civ. P. 6(b)(1)(B). The parties argue that they could not meet the deadline because the COVID-19 pandemic prevented them from obtaining records on which their experts intend to rely. (*See* Dkt. No. 21 at 1.) Accordingly, the Court finds that the parties have shown good cause and excusable neglect and GRANTS the motion to extend the expert disclosure deadline until March 11, 2021.

In the Court's previous order, the Court asked the parties to address whether the Court should extend the deadline for *Daubert* motions in light of the later expert disclosure deadline. (Dkt. No. 20 at 2.) The parties state that the extension of the expert disclosure deadline should not "have any impact on this Court's schedule or the current trial schedule date" and the parties "do not foresee any further extensions of related dates." (Dkt. No. 21 at 2.) Therefore, all other deadlines are unchanged.

DATED this 16th day of February 2021.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk
